UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN SMITH TURNER,

Plaintiff,

v. Case No: 2:13-cv-485-FtM-DNF

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**OPINION AND ORDER**

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on June 28, 2013. Plaintiff, Susan Smith Turner seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

## I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A. Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

**B. Procedural History**

On October 4, 2007, Plaintiff filed an application for disability and disability insurance benefits, asserting a disability onset date of October 22, 2006. (Tr. p. 97, 191). Plaintiff's application was denied initially on December 20, 2007, and upon reconsideration on April 7, 2008. (Tr. p. 97-98). A hearing was held before the first Administrative Law, Irwin Bernstein on December 2, 2009. (Tr. p. 80-94). Judge Bernstein issued an unfavorable decision on December 16, 2009. (Tr. p. 102-113). On March 9, 2011, the Appeals Council entered an Order which vacated the Decision of ALJ Bernstein and remanded to the case to an Administrative Law for a number of reasons. (Tr. p. 119-121).

On August 5, 2011, Administrative Law Judge Ronald S. Robins ("ALJ") held a second hearing. (Tr. p. 39-59). The ALJ issued an unfavorable decision on October 26, 2011. (Tr. p. 23-33). On May 29, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on June 28, 2013 and appealed the August 5, 2011 Decision of ALJ Robins. This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

**C. Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Social Security*, 542 Fed. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must

determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 Fed. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2009. (Tr. p. 26). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2006 through her date last insured of December 31, 2009. (Tr. p. 26). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments through her date last insured of December 31, 2009: post laminectomy syndrome cervical, dystonia, neck pain and cervicalgia and muscle spasms citing 20 C.F.R. §404.1520(c). (Tr. p. 26). At step three, the ALJ determined that through the date last insured of December 31, 2009, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526. (Tr. p. 27). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform a full range of sedentary work except that she could occasionally climb, balance, stoop, kneel, crouch, or crawl and must avoid concentrated exposure to extreme cold temperatures and hazards. (Tr. p. 28). The ALJ determined that through the date last insured of December 31, 2009, Plaintiff was capable of performing her past relevant work as an administrative assistant, office manager and closing coordinator, and that the

work did not require the performance of work related activities precluded by claimant's RFC. (Tr. p. 32). The ALJ concluded that Plaintiff was not under a disability at any time from October 22, 2006, the alleged onset date, through December 31, 2009, the date last insured. (Tr. p. 32).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal. As stated by Plaintiff, they are:

(1) Whether the ALJ's finding that Plaintiff could return to past relevant work was supported by substantial evidence when Plaintiff had not performed the job of closing coordinator long enough to learn the job; Plaintiff's job as administrative assistant was composite work which required both home inspection and management and precluded an RFC of sedentary work; and the ALJ erred in determining Plaintiff's past relevant work was classified as sedentary office manager occupation which in fact it was classified as a real estate firm manager occupation which is considered light work.

(2) Whether the ALJ's decision was supported by substantial evidence given that the ALJ failed to consider the reports of psychological consultants, Dr. Zsigmond and Dr. Stowitzky showing that Plaintiff had an "extremely low" score in the Processing Speed IQ subtest, and therefore, Plaintiff's ability to process work would preclude her from the demanding and skilled past relevant work.

(3) Whether the ALJ's decision was supported by substantial evidence given that he failed to reconcile State agency physicians' and Judge Bernstein's finding that Plaintiff was unable to return to her past relevant work with his determination finding that Plaintiff could return to her past relevant work.

### A. Past Relevant Work

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010).[1] (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To

1 Unpublished opinions may be cited as persuasive on a particular point. The court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the eleventh Circuit Rules. 11th Cir. R. 36-2.

develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982).[2] A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

**1. Closer**

Plaintiff asserts that the ALJ erred in his determination that Plaintiff could return to her past relevant work as a closing coordinator, *Dictionary of Occupational Titles*, ("DOT") number 186.167-074, because Plaintiff had not worked at this job long enough to learn the position. Plaintiff argues that she worked for approximately 18 months at this position in 2005 and 2006, immediately prior to her motorcycle accident. Plaintiff argues that the job of closing coordinator requires over two years and up to four years to learn. Plaintiff contends that because this job only lasted 18 months, it cannot be considered past relevant work for Plaintiff.

The Commissioner responds that the occupation of closing coordinator has a Specific Vocational Preparation ("SVP") of level seven which denotes over two years and up to four years

2 "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

to learn the position. The Commissioner argues that an SVP is the amount of time that a typical worker needs to learn for average performance of a job, and skills learned in past jobs should be taken into consideration. The Commissioner contends that just because Plaintiff only worked as a closing coordinator for 18 months does not preclude her from having learned the job and being able to perform the job due to her other job experience as an administrative assistant dealing with home inspections and management, her experience as an office manager for a real estate company, and her having obtained a license as a realtor. The Commissioner also asserts that Plaintiff did not provide any contradictory evidence at the hearing to dispute the vocational expert's testimony that she could return to her past relevant work as a closing coordinator.

The definition of past relevant work is work "that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Pursuant to the DOT, a Closer's SVP is Level 7 which provides preparation of over 2 years up to including 4 years. (Tr. p. 298). Plaintiff testified at her first hearing that her last job was as a closing transaction coordinator for a contractor, builder. (Tr. p. 84). She performed this job for a little over a year. (Tr. p. 84). Plaintiff testified at her second hearing that she is a licensed real estate agent and worked as an office manager in a real estate company. (Tr. p. 56). When the vocational expert testified that Plaintiff could return to her past relevant work as a closing coordinator, Plaintiff did not raise any argument that she did not learn the job during the 18 months that she performed it. Even though a typical training time for a closer position is two to four years, Plaintiff failed to meet her burden to show that she did not know the job of closing coordinator while she performed it, and Plaintiff had other work experience in the real estate area which would have contributed to her learning the position quicker than the two to four years it would typically take to learn that job. Therefore, the Court

determines that the ALJ did not err in relying of the vocational expert's testimony that Plaintiff could return to her past relevant work as a closer even though she had not performed this job for two to four years.

**2. Administrative Assistant**

Plaintiff argues that she worked as an Administrative Assistant during the time period of 2002 and 2005, but the ALJ was precluded from finding that she could return to this work as generally performed because her Administrative Assistant job as she performed it was a composite job of two main duties, home inspection and management. Plaintiff argues that the Commissioner's own policies prohibit an ALJ from finding that a claimant is able to return to past relevant work as generally performed when the past relevant work is a "composite job." Therefore, the ALJ was precluded from determining that Plaintiff could perform this job as generally performed in the national economy. Plaintiff also asserts that she would be unable to perform this job as actually performed because home inspections are not sedentary, and an ALJ is precluded from separating past relevant work into its least demanding function. The Commissioner argues that Plaintiff's prior job was not a composite job, and even if the prior job was a composite job, the ALJ properly relied on the testimony of a vocational expert to determine if Plaintiff could return to her past relevant work as an Administrative Assistant.

A composite job is "one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT. *Paxton v. Colvin*, 2013 WL 1909609, *4 (M.D. Fla. May 8, 2013), SSR 82-61, 1982 WL 31387, *2 (1982). "Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular

job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert." SSR 82-61, 1982 WL 31387, *2 (1982).

The Court reviewed the descriptions by Plaintiff of her past relevant work. Plaintiff includes a position at Custom Services of Collier County from 2002 through 2005 which includes home inspections and management, but describes this position as Administrative Assistant. (Tr. p. 215, 268). The ALJ obtained the testimony of a vocational expert who testified that Plaintiff was able to return to her past relevant work as an Administrative Assistant. (Tr. p. 57-58). The ALJ set forth a hypothetical which included Plaintiff's RFC and the vocational expert opined that Plaintiff could return to her past relevant work as an Administrative Assistant. Therefore, the ALJ did not err in relying on the testimony of the vocational expert to determine that Plaintiff could return to her past relevant work of Administrative Assistant.[3]

**3. Administrative Assistant/Manager**

Plaintiff contends that the ALJ improperly classified Plaintiff's work as Administrative Assistant/Manager (DOT 169.167-034) which is a sedentary job and should have classified her work as Manager, Real-Estate Firm (DOT 186.167-066), which is light work. Plaintiff argues that she described her position as running multiple real estate offices and that she had a real estate license. She argues that the job involved training and hiring administrative staff and traveling to the various offices. Plaintiff states that she spent 4 hours walking/standing and 3 hours sitting in an 8-hour work day, and lifted at most 30 pounds. Plaintiff argues that this description is most consistent with the duties of the job of Manager, Real-Estate Firm which is

3 Even if the ALJ erred in relying of the vocational expert's opinion which did not determine that Plaintiff's past relevant work as an Administrative Assistant was a composite position, the ALJ determined that Plaintiff could also return to her past relevant work as a closing coordinator and office manager. Therefore any error as to determining Plaintiff could return to her past relevant work as an Administrative Assistant was harmless error.

classified as light work. Plaintiff asserts that the DOT describes the duties of Manager, Real-Estate Firm to be directing and coordinating the sales staff for a real estate firm and hiring, training and managing the staff. Plaintiff argues that the ALJ determined the position to be an Office Manager (Financial) which is not similar to the job performed by Plaintiff.

The Commissioner responds that Plaintiff testified she worked in a real estate office and ran the office. The Commissioner argues that the position of Office Manager (Financial) is not the position identified by the ALJ or by the vocational expert. The position identified by the vocational expert is DOT number 169.167-034 and this position applies to any industry and involved the coordination of activities of clerical workers including hiring, training, and supervising personnel in various departments. The Commissioner asserts that this position corresponds to the description by Plaintiff of her job duties.

Plaintiff describes her past relevant work as training and hiring of administrative staff and traveling to multiple offices, and managing several offices and going to each office to oversee the office staff and do training. (Tr. p. 56-57, 215, 268). The vocational expert identified this work as office manager, DOT number 169.167-034. (Tr. p. 57). The ALJ also referred to DOT number 169.167-034. Neither the vocational expert nor the ALJ referred to Plaintiff's past relevant work as Office Manager (Financial). The DOT defines the duties of Manager, Office Dot number 169.167-034 as coordinating clerical personnel in an establishment or organization, evaluating office production, formulating procedures, may hire, train, and supervise clerical staff, among other duties. DOT number 169.167-034. This position is considered sedentary work. The vocational expert testified that Plaintiff's past relevant work was classified as Manager, Office, DOT number 169.167-034.

The duties of the position of Manager, Real-Estate Firm, DOT number 186.167-066

include hiring sales agents, training them, accompanying sales agents and clients, adjusting sales prices, repairing properties, selling or renting property, managing properties, possibly owning the real estate form, as well as other duties. (Exh. A. to Doc. 21). At the hearing, the vocational expert asked Plaintiff for clarification as to her duties and she testified that she did not show properties, she ran the office. (Tr. p. 56-57). The Court determines that the duties of the position of Manager, Real Estate Firm do not match the duties of Plaintiff's past relevant work as an Office Manager. The Manager, Real Estate Firm handles the hiring and training of the sales staff, not the clerical staff and had greater responsibilities to the sales staff and clients than Plaintiff had in her prior position.

The ALJ relied on the vocational expert's testimony that the duties of Plaintiff's position correlated to the description of Office Manager, DOT number 169.167-034. The Court reviewed the descriptions of the Office Manager position with that of Manager, Real-Estate Firm and determines that the ALJ did not err in determining the Plaintiff's past relevant work was that of Office Manager, DOT number 169.167-034.[4]

**B. Low Processing Speed**

Plaintiff asserts that the ALJ failed to consider the examining psychological consultants Shana Stowitzky, Psy. D. and Claudia Zsigmond, Psy.D.'s report which determined that Plaintiff has an "Extremely Low" processing speed. Plaintiff argues that if the ALJ had considered Plaintiff's low processing speed, then he would have determined that Plaintiff was unable to return to her past relevant work, which are skilled positions with SVP levels of 7 and 8. The

4 Plaintiff raises a final argument that the ALJ erred by not reconciling his opinion that Plaintiff can return to her past relevant work with a State agency physician and the previous ALJ's opinion that Plaintiff could not return to her past relevant work. The Court will address this issue in the last section where Plaintiff raises it again.

Commissioner responds that the ALJ did consider Dr. Stowitzky and Dr. Zsigmond's reports in his determination.

SSR 96-6P provides in part as follows:

> **PURPOSE**: To clarify Social Security Administration policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators at the administrative law judge and Appeals Council levels. Also, to restore to the Rulings and clarify policy interpretations regarding administrative law judge and Appeals Council responsibility for obtaining opinions of physicians or psychologists designated by the Commissioner regarding equivalence to listings in the Listing of Impairments (appendix 1, subpart P of 20 CFR part 404) formerly in SSR 83-19. In particular, to emphasize the following longstanding policies and policy interpretations:
>
> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

SSR 96-6P, 1996 WL 374180, *1 (1996). Generally courts have found that an ALJ errs in making an RFC determination when the ALJ's decision does not address all medical opinions and impairments. Pursuant to 20 C.F.R. §§ 404.1527(b), 416.927(b), the Commissioner "will always consider the medical opinion in [the] case record together with the rest of the relevant evidence [received]."

In the instant case, the ALJ obtained the testimony of Edward Jasinski, Ph.D., a licensed psychologist at the hearing. (Tr. p. 43-47, 703). Dr. Jasinski reviewed Dr. Stowitski and Dr. Zsigmond's reports, and testified that they found Plaintiff's intellectual testing to be in the low average range, memory testing in the average range, some exaggeration of symptoms, major depressive disorder with only mild limitations. (Tr. p. 44). Dr. Jasinski determined that Plaintiff

was mildly impaired in daily living, mildly impaired in social functions, and mildly impaired in concentration, persistence and pace. (Tr. p. 45). Dr. Jasinski found Dr. Stowitski and Dr. Zsigmond's findings to be generally consistent with Plaintiff's medical records. (Tr. p. 46). The ALJ specifically referred to Dr. Jasinksi's opinion in his decision. (Tr. p. 26).

In his Decision, the ALJ noted that Dr. Jasinski testified that Plaintiff suffered from only mild limitations, and the ALJ specifically noted Dr. Stowitski and Dr. Zsigmond's report in stating,

> [t]he second psychological evaluation in exhibit 19F [Dr. Stowitski and Dr. Zsigmond's Report] dated May 2011 included intellectual testing with results in the low average range. Memory testing was completed and found to be in the average range. Also, personality test administered showed there was a tendency to exaggerate symptoms and the claimant portrayed herself as more impaired than she may be. The diagnoses were major depressive disorder with only mild limitations. Dr. Jasinski found the opinion of Dr. Needham dated November 2009 to be extreme and inconsistent with the findings. The opinion from May 2011 was more consistent with the record.

(Tr. p. 26). The ALJ properly considered the report of Dr. Stowitski and Dr. Zsigmond in making his determination. He considered her low average range of intellectual testing but also considered that Dr. Stowitski and Dr. Zsigmond determined that Plaintiff had a tendency to exaggerate her symptoms and portray herself as more impaired than she may be. The Court finds that the ALJ did consider these reports and did not err by failing to consider these reports in his determination that Plaintiff can return to her skilled past relevant work.

Plaintiff also argues that the ALJ violated the Appeals Council's directive to evaluate treating and non-treating sources. (Tr. p. 120). The Court has determined above that the ALJ did evaluate the treating and non-treating sources, and therefore the ALJ did not violate the Appeals Council's directive.

**C. Reconcile Findings with State Agency Physicians and Findings of Previous ALJ**

Plaintiff asserts that the ALJ erred in failing to reconcile the findings of a State agency physician, the State agency on reconsideration, and the prior ALJ's Decision that Plaintiff was unable to return to her past relevant work, with his own finding that Plaintiff could return to her past relevant work. Plaintiff argues that there is no evidence that Plaintiff improved since her prior State agency determination, therefore, ALJ Robins erred in finding Plaintiff could return to her past relevant work. The Commissioner responds that the ALJ was not required to reconcile a prior ALJ's determination when the prior ALJ's determination was vacated by the Appeals Council. The Commissioner argues that Plaintiff failed to cite to any authority that the ALJ was required to reconcile his opinion with that of a State agency on reconsideration. Lastly, the Commissioner contends that the ALJ did consider the State agency physician's opinion.

**1. Reconciling ALJ Bernstein's Prior Decision**

Plaintiff argues that the ALJ erred in not reconciling his Decision that Plaintiff could return to her past relevant work, with the vacated Decision of ALJ Bernstein. ALJ Bernstein entered his decision on December 16, 2009. On March 9, 2011, the Appeals Council vacated ALJ Bernstein's Decision of December 16, 2009. (Tr. p. 80-94). A decision that is vacated by the Appeals Council has no preclusive effect on later decisions in the case. *Erickson v. Comm'r of Social Security*, 431 Fed. App'x 809, 812 n. 1 (11th Cir. 2011)[5]. A vacated Decision is not the law of the case, and is not a final decision of the Commissioner. Therefore, not only did ALJ Robins not err in failing to reconcile the earlier Decision of ALJ Bernstein as it had no preclusive effect, but also ALJ Robins was required to review the evidence anew.[6]

5 The Court cites to *Erickson v. Comm'r of Soc. Sec.*, 431 Fed. App'x 809, 812 n. 1 (11th Cir. 2011) for the sole reason that a vacated Decision by the Appeals Council has no preclusive effect.

6 In addition, ALJ Bernstein failed to obtain the assistance of a vocational expert at the first hearing, and ALJ Robins had the benefit of a vocational expert who opined that Plaintiff could return to her past relevant work.

**2. Reconciling Reconsideration of April 7, 2008**

Plaintiff found one reference in the Reconsideration of April 7, 2008 (Tr. p. 133) regarding her returning to "other work" and argues that the ALJ should have reconciled this determination with his Decision that Plaintiff could return to her past relevant work. This Reconsideration determined that Plaintiff was unable to perform heavy work, but was able to perform other work, and therefore denied Plaintiff's request for disability. Plaintiff now argues that the ALJ was required to reconcile this determination with his Decision that Plaintiff was able to return to her past relevant work. The Reconsideration did not contain sufficient information as to why it determined that Plaintiff was unable to perform heavy work, or why Plaintiff was unable to return to past relevant work which was not considered heavy. Plaintiff failed to cite to any case law or regulation which requires an ALJ to reconcile language in a Reconsideration with his opinion that Plaintiff was able to return to her past relevant work.

**3. Reconciling State Agency Physician's Determination**

Plaintiff also asserts the ALJ erred in failing to reconcile the opinion of a State agency physician with the ALJ's determination that Plaintiff could return to her past relevant work. On April 3, 2008, State agency physician, Albert Ponterio, M.D. completed a Physical Residual Functional Capacity Assessment and determined that Plaintiff could lift 20 pounds occasionally, lift 10 pounds frequently, stand and/or walk for at least 2 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and push and/or pull for an unlimited amount of time. (Tr. p. 436). Dr. Ponterio reviewed Plaintiff's medical history regarding her crushed right ankle and left knee

---

Finally, ALJ Bernstein determined that one of Plaintiff's past relevant work was as a Real Estate Agent even though Plaintiff's description of her past relevant work did not comport with her being a real estate agent but rather an administrative assistant/manager.

injury, and limited Plaintiff to stand/walk to 4 hours in an 8-hour workday. (Tr. p. 436). Dr. Ponterio determined that Plaintiff could do the following occasionally: climb a ramp, climb stairs, climb a ladder, climb a rope, climb a scaffold, balance, stoop, kneel, crouch, and crawl. (Tr, p. 437). Dr. Ponterio found Plaintiff had no manipulative, visual and communicative limitations. (Tr. p. 438-439). Dr. Ponterio found Plaintiff should avoid concentrated exposure to extreme cold and hazards, but had no other environmental limitations. (Tr. p. 439). As to the severity of Plaintiff's symptoms and their alleged effect on functioning, Dr. Ponterio found Plaintiff's "allegations credible." (Tr. p. 440). Plaintiff argues that because Dr. Ponterio found Plaintiff's allegations to be credible, the ALJ erred in determining Plaintiff could return to her past relevant work.

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why. *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010)[7], (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)), See also, *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006). Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id*. (citation omitted). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. §404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

In the instant case, the ALJ specifically mentioned Dr. Ponterio's opinion and did include his limitations that Plaintiff "can occasionally climb ramps, stairs, ladders, ropes and scaffolds;

7 Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

balance; stoop; kneel; crouch; and crawl" in his RFC determination. (Tr. p. 32). The ALJ gave "considerable weight to these opinions[8], because the consultants are non-examining experts, are familiar with this disability program and its evidentiary requirements, reviewed all documentary medical available at the time, and supported their opinions with an explanation based on objective data. However, more weight was given to Dr. Ponterio's assessment because it is more consistent with the evidence of record." (Tr. p. 32).

The ALJ limited Plaintiff to sedentary work. Sedentary work requires an individual to be able to lift no more than 10 pounds at a time. SSR 96-6P, 1996 WL 372185 (1996). Walking and standing are limited to 2 hours of an 8-hour workday, with sitting being 6 hours of an 8-hour workday. *Id*. Dr. Ponterio's assessment was less restrictive finding that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. (Tr. p. 436). Dr. Ponterio also determined that Plaintiff could perform all of the functional requirements that the ALJ determined as well including the same limitations as to occasionally climbing, balancing stooping, kneeling, crouching or crawling, and avoiding concentrated exposure to extreme cold temperatures and hazards. (Tr. p. 28, 437-9). Even though Dr. Ponterio determined that Plaintiff's allegations were credible, he assessed her as having the functional capacity to perform at least sedentary work. Therefore, the Court does not find that the ALJ erred in failing to reconcile Dr. Ponterio's assessment, when in fact, the ALJ adopted most of Dr. Ponterio's assessment and gave it considerable weight.

**III. Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the Commissioner is supported by substantial evidence and decided according to the proper legal standard. ALJ Robins considered all of the Plaintiff's impairments

8 "[T]hese opinion" refers to the opinion of Dr. Ponterio and Dr. Debra Toriano as well. (Tr. p.32).

in combination and determined with the assistance of a vocational expert that she could return to her past relevant work, as she actually performed it or as it is performed in the general economy. ALJ Robins considered the reports of Dr. Zsigmond and Dr. Stowitzky in making his determination. The ALJ did not err in failing to reconcile prior ALJ Bernstein's Decision and the Reconsideration, and properly considered the State Agency physician's report when the ALJ determined that Plaintiff could return to her past relevant work.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 12, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties